## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WILLIS OF ARIZONA, INC., AN ARIZONA CORPORATION; AND WILLIS TOWERS WATSON INSURANCE SERVICES WEST, INC., A CALIFORNIA CORPORATION, Appellants, vs. HAKKASAN USA, INC., A DELAWARE CORPORATION, Respondent. | No. 82829 **FILED** AUG 0 4 2022 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |
| WILLIS OF ARIZONA, INC.; AND WILLIS TOWERS WATSON INSURANCE SERVICES WEST, INC., Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE, Respondents, and HAKKASAN USA, INC.; ENDURANCE AMERICAN SPECIALITY INSURANCE COMPANY; AND SOMPO INTERNATIONAL HOLDINGS, LTD., Real Parties in Interest. | No. 82833 |

### ORDER OF AFFIRMANCE IN DOCKET NO. 82829
### AND ORDER DENYING PETITION FOR A WRIT OF MANDAMUS IN DOCKET NO. 82833

Docket No. 82833 is an original petition for a writ of mandamus challenging a district court's refusal to enforce a contractual jury waiver agreement and is consolidated with Docket No. 82829, which is an appeal from a district court order denying a motion to compel arbitration under the

22-24469

same contract. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Respondent/real party in interest Hakkasan USA, Inc., purchased an insurance policy from real party in interest Sompo International Holdings, Ltd., for April 2019 through April 2020 through insurance brokers, appellants/petitioners Willis of Arizona, Inc., and Willis Towers Watson Insurance Services West, Inc. (collectively, Willis). Hakkasan and Willis's relationship was governed by Willis's Broker Terms, Conditions and Disclosures (T&Cs), which included a dispute resolution clause waiving the parties' rights to a jury trial and if that wavier was unenforceable then providing the dispute would be resolved through arbitration. When the Covid-19 pandemic affected Hakkasan's business, Hakkasan informed Willis it was going to make a claim to Sompo. Hakkasan alleges Willis worked with Sompo to adopt and postdate a limit on the amount Hakkasan could recover under the 2019-2020 policy. Hakkasan filed a tort action against Willis and demanded a jury trial. Willis moved to strike the jury demand or in the alternative to compel arbitration. The district court denied Willis's motion concluding that Hakkasan's claims against Willis did not fall under the scope of the T&Cs. Willis then filed the petition for a writ of mandamus in Docket No. 82833 challenging the denial of the motion to strike the jury demand and an appeal in Docket No. 82829 challenging the denial of the motion to compel arbitration.

*Docket No. 82833*

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court has previously concluded that the

issue of a denial to strike a jury demand is properly raised in a writ petition. *Lowe Enters. Residential Partners, L.P. v. Eighth Judicial Dist. Court*, 118 Nev. 92, 97, 40 P.3d 405, 408 (2002). "Even in a writ petition, this court reviews de novo issues of law, such as contract and statutory interpretation." *State, Dep't of Transp. v. Eighth Judicial Dist. Court*, 133 Nev. 549, 553, 402 P.3d 677, 681 (2017). "This court initially determines whether the language of the contract is clear and unambiguous; if it is, the contract will be enforced as written." *Nev. State Educ. Ass'n. v. Clark Cty. Educ. Ass'n.*, 137 Nev. 76, 83, 482 P.3d 665, 673 (2021) (internal quotation marks omitted).

The four claims Hakkasan asserted against Willis are not contractual claims and do not concern the purchase of insurance. They concern the allegation that Willis interfered with Hakkasan's recovery under a claim. The dispute resolution section in the T&Cs applies to "any disputes arising out of or in connection with the services provided under these" T&Cs. Willis only provided the service of assisting Hakkasan with purchasing insurance, and once the purchase was complete, Willis was no longer providing Hakkasan any services. Thus, Willis's actions thereafter in allegedly disclosing Hakkasan's upcoming Covid-19 claim to Sompo fell outside of its services in assisting Hakkasan with purchasing insurance for 2019-2020. The T&Cs are not ambiguous and Willis's alleged actions do not arise out of or in connection with the purchase of insurance for the 2019-2020 year. Thus, the district court did not arbitrarily or capriciously conclude that the T&Cs did not govern Hakkasan's underlying claims, and we deny the petition for a writ of mandamus in Docket No. 82833.[1]

_____

[1]The district court did not directly consider whether the jury waiver clause was enforceable and because the T&Cs do not govern the dispute, we need not consider that issue. Further, the district court's prior order

*Docket No. 82829*

Next, Hakkasan argues this court lacks jurisdiction over the appeal in Docket No. 82829 because the district court did not enter an order denying a motion to compel arbitration, as the court only specifically denied the motion to strike the jury demand. We disagree. By concluding that Hakkasan's claims fall outside of the scope of the T&Cs, which includes the arbitration clause, and by denying the motion outright, the district court necessarily denied Willis's request to compel arbitration. Thus, we have jurisdiction over the appeal. *See* NRS 38.247(1) (permitting appeals from orders denying motions to compel arbitration). Nevertheless, as we concluded above, the district court properly concluded that the T&Cs did not govern Hakkasan's underlying claims, and thus, we affirm the denial of the motion to compel arbitration. Accordingly, we

ORDER the petition DENIED in Docket No. 82833 and the judgment of the district court AFFIRMED in Docket No. 82829.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

directing the matter to mediation, did not preclude the district court from later concluding that the T&C's do not govern the underlying matter.

Supreme Court
of
Nevada

(O) 1947A

cc: Chief Judge, Eighth Judicial District Court
Hon. Ellie Roohani, District Judge
Saul Ewing Arnstein & Lehr, LLP
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Quinn Emanuel Urquhart & Sullivan, LLP
Santoro Whitmire
Carlton Fields, P.A.
Clyde & Co. US LLP
Eighth District Court Clerk